William E. Thomson, Jr. (SBN47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa, Suite 2080
Los Angeles, CA 90017
Tel: (213) 622-3003

Mark A. Cantor (*pro hac vice* admission anticipated)
mcantor@brookskushman.com
Marc Lorelli (*pro hac vice* admission anticipated)
mlorelli@brookskushman.com
Rebecca J. Cantor (*pro hac vice* admission anticipated)
rcantor@brookskushman.com
BROOKS KUSHMAN. P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DISTRICT

| | |
|---|---|
| NEUROBRANDS, LLC<br><br>            Plaintiff,<br><br>v.<br><br>NEUROGUM, INC.<br><br>            Defendant. | Case No.  2:20-cv-3612<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, AND TRADEMARK VIOLATIONS UNDER CALIFORNIA LAW**<br><br>***DEMAND FOR JURY TRIAL*** |

# I.    PARTIES

1.    Plaintiff Neurobrands, LLC ("Neurobrands" or "Plaintiff") is a Delaware limited liability company located in Sherman Oaks, California 91403. Neurobrands is the owner of the intellectual property asserted against Defendant in this action.

2.    Upon information and belief, Defendant Neurogum, Inc. ("Neurogum" or "Defendant") is a Delaware corporation, having its principal office at 530 Molino Street, #101, Los Angeles, California 90013.

3.    This Complaint includes the following claims: (1) Trademark Infringement under Sections 32, 34 and 35 of the Lanham Act, 15 U.S.C. § 1114, *et. seq.*; (2) Trademark Dilution under Section 43(c) of the Lanham Act; (3) Unfair Competition under Section 43(a) of the Lanham Act; (4) Common Law Unfair Competition/Trademark Infringement; (5) Trademark Violations under California Law; (6) Unfair Competition under California Law; and (7-9) Cancellation of Defendant's Trademark Registrations.

# II.    JURISDICTION AND VENUE

4.    This action arises under federal trademark laws, 15 U.S.C. §§ 1051 *et seq.*, and thus this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over

related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

5.  This Court has personal jurisdiction over the Defendant because Defendant markets, distributes and/or sells infringing products throughout the United States including to customers within this judicial district and maintains its headquarters within this judicial district.

6.  This Court has also specific personal jurisdiction over Defendant, because, as described more thoroughly herein, it purposefully availed itself to, and enjoys the benefits of, the laws of California, it had sufficient minimum contacts with the State of California and this District including as the location of its headquarters, this action arises out of these contacts, and exercising jurisdiction over Defendant would be reasonable and comport with the requirements of due process.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant conducts, transacts and/or solicits business in this judicial district such that its contact with this district subject it to personal jurisdiction with respect to this action and, upon information and belief, a substantial part of the events or omission giving rise to Plaintiff's claims, specifically infringement of Plaintiff's trademark, has occurred, and continues to occur in this judicial district, causing damage to Plaintiff in this judicial district.

Complaint for Trademark Infringement
Case No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.    FACTS COMMON TO ALL COUNTS

**A.    Asserted Intellectual Property**

8.    In 2008, Diana Jenkins, a well-known entrepreneur and philanthropist, began selling a unique line of beverages containing, among other ingredients, a combination of vitamins, minerals, and superfruits, under the brand NEURO®.

9.    In 2009, she founded her company Neurobrands (Plaintiff) to continue the sale of the NEURO products.  As a result of Plaintiff's activities, Plaintiff owns and possesses full legal rights to a family of trademarks (hereinafter "NEURO Family Trademarks") that it uses in connection with the marketing and sale of its NEURO branded products.

10.    The NEURO Family of Trademarks does not only have federal and state common law trademark rights, it also includes several registered federal trademarks, including United States Trademark Registration No. 3,906,397 for NEURO (hereinafter "NEURO Trademark") for dietary supplemental drinks, nutritionally fortified beverages, and vitamin fortified beverages in Class 5 and non-alcoholic beverages, namely, mineral and aerated waters; fruit drinks, energy drinks, fruit flavored drinks, herbal juices and isotonic drinks in Class 32.  The NEURO Trademark was filed on November 19, 2009, identifying a first use as of May 1, 2008.  The NEURO Trademark is incontestable and conclusively valid.

11.    In addition, to the NEURO Trademark, the following NEURO Family Trademarks includes the following registered marks:

Complaint for Trademark Infringement
Case No.

| Trademark | Status | Goods | Owner |
|---|---|---|---|
| DRINK NEURO<br>RN: 3814258<br>SN: 77876937 | Registered 8 & 15<br><br>First Use: April 30, 2009<br>Filed: November 19, 2009<br>Registered: July 6, 2010 | (Int'l Class: 05) dietary supplemental drinks | Neurobrands, LLC (California Limited Liability Company) 2nd Floor 310 Wilshire Boulevard Santa Monica California 90401 |
| DRINK SMART, DRINK NEURO<br>RN: 4068151<br>SN: 85061283 | Registered 8 & 15<br><br>First Use: June 4, 2010<br>Filed: June 11, 2010<br>Registered: December 6, 2011 | (Int'l Class: 05) dietary supplemental drinks; nutritionally fortified beverages; vitamin fortified beverages<br>(Int'l Class: 32) non-alcoholic beverages, namely, fruit drinks, energy drinks, fruit flavored drinks, herbal juices and isotonic drinks | Neurobrands, LLC (California Limited Liability Company) 510 Santa Monica Blvd. 2nd Floor Santa Monica California 90401 |
| NEURO and Design<br><br>**neuro**<br><br>RN: 3875430<br>SN: 77741644 | Registered 8 & 15<br><br>First Use: May 1, 2008<br>Filed: May 20, 2009<br>Registered: November 16, 2010 | (Int'l Class: 05) dietary and nutritional drinks and dietary and nutritional powdered drink mixes; dietary supplemental drinks<br>(Int'l Class: 32) non-alcoholic fruit flavored beverage | Neurobrands, LLC (California Limited Liability Company) 2550 N Hollywood Way #100 Burbank California 91505 |
| NEURO DAILY<br>RN: 4618096<br>SN: 85804788 | Registered October 7, 2014<br><br>First Use: April 25, 2013<br>Filed: December 17, 2012 | (Int'l Class: 32) non-alcoholic beverages, namely, water beverages enhanced with vitamins or minerals | Neurobrands, LLC (Delaware Limited Liability Company) 501 Santa Monica Blvd., Second Floor Santa Monica California 90401 |
| NEURO DAILY<br>RN: 4618095<br>SN: 85804752 | Registered October 7, 2014<br><br>First Use: April 25, 2013<br>Filed: December 17, 2012 | (Int'l Class: 05) nutritionally fortified beverages | Neurobrands, LLC (Delaware Limited Liability Company) 501 Santa Monica Blvd., Second Floor Santa Monica California 90401 |

Complaint for Trademark Infringement
Case No.

| | | | |
|---|---|---|---|
| **NEURO LIFE**<br>RN: 4615762<br>SN: 85401216 | Registered October 7, 2014<br><br>First Use: August 2, 2011<br>Filed: August 18, 2011 | (Int'l Class: 05) nutritionally fortified beverages; vitamin fortified beverages; non-alcoholic beverages, namely, nutritionally fortified beverages | Neurobrands, LLC (California Limited Liability Company) 501 Santa Monica Blvd Santa Monica California 90401 |
| **NEURO LIVING**<br>RN: 4611965<br>SN: 85401255 | Registered September 30, 2014<br><br>First Use: March 21, 2011<br>Filed: August 18, 2011 | (Int'l Class: 05) dietary supplemental drinks; nutritionally fortified beverages; vitamin fortified beverages<br>(Int'l Class: 32) non-alcoholic beverages, namely, mineral and aerated waters, fruit drinks, energy drinks, fruit flavored drinks, herbal juices, and isotonic drinks | Neurobrands, LLC (California Limited Liability Company) 501 Santa Monica Blvd Santa Monica California 90401 |
| **NEUROAQUA**<br>RN: 3986242<br>SN: 77715909 | Registered 8 & 15<br><br>First Use: September 2, 2009<br>Filed: April 17, 2009<br>Registered: June 28, 2011 | (Int'l Class: 32) aerated water; bottled drinking water; drinking water with vitamins; drinking waters; energy drinks; flavored bottled water; flavoured mineral water; flavoured waters; glacial water; mineral and aerated waters; mineral water; non-alcoholic beverages, namely, carbonated beverages; sparkling water | Neurobrands, LLC (California Limited Liability Company) 501 Santa Monica Blvd., 2nd Floor Santa Monica California 90401 |
| **NEUROBLISS**<br>RN: 3664947<br>SN: 77576154 | Renewed August 4, 2019<br><br>First Use: May 1, 2008<br>Filed: September 22, 2008<br>Registered: August 4, 2009 | (Int'l Class: 32) non alcoholic fruit flavored beverages | Neurobrands, LLC (California Limited Liability Company) 15303 Ventura Blvd Ste 675 Sherman Oaks California 91403 |

Complaint for Trademark Infringement
Case No.

| | | | |
|---|---|---|---|
| **NEUROBLISS**<br>RN: 3728338<br>SN: 77751429 | Renewed December 22, 2019<br><br>First Use: May 1, 2008<br>Filed: June 3, 2009<br>Registered: December 22, 2009 | (Int'l Class: 05)<br>dietary and nutritional supplements; dietary supplemental drinks | Neurobrands, LLC<br>(California Limited Liability Company)<br>15303 Ventura Blvd Suite 675 Sherman Oaks California 91403 |
| NEURODRIN and Design<br><br>**NEURODRIN**<br><br>RN: 4402318<br>SN: 85361213 | Registered September 17, 2013<br><br>First Use: June 29, 2011<br>Filed: June 30, 2011 | (Int'l Class: 05)<br>herbal supplements and non-herbal supplements in the nature of dietary supplements, dietary and nutritional supplements, dietary supplements for human consumption, mineral supplements and nutritional supplements | Neurobrands, LLC<br>(United States Limited Liability Company)<br>Second Floor 501 Santa Monica Blvd Santa Monica California 90401 |
| **NEUROGASM**<br>RN: 3664829<br>SN: 77522457 | Renewed August 4, 2019<br><br>First Use: May 1, 1993<br>Filed: July 15, 2008<br>Registered: August 4, 2009 | (Int'l Class: 32)<br>non-alcoholic fruit-flavored beverages | Neurobrands, LLC<br>(California Limited Liability Company)<br>15303 Ventura Blvd Ste 675 Sherman Oaks California 91403 |
| **NEUROSLEEP**<br>RN: 3728339<br>SN: 77751446 | Renewed December 22, 2019<br><br>First Use: May 1, 2008<br>Filed: June 3, 2009<br>Registered: December 22, 2009 | (Int'l Class: 05)<br>dietary and nutritional supplements; dietary supplemental drinks | Neurobrands, LLC<br>(California Limited Liability Company)<br>15303 Ventura Blvd Suite 675 Sherman Oaks California 91403 |
| **NEUROSLEEP**<br>RN: 3677431<br>SN: 77460123 | Renewed September 1, 2019<br><br>First Use: May 1, 2008<br>Filed: April 28, 2008<br>Registered: September 1, 2009 | (Int'l Class: 32)<br>non-alcoholic fruit-flavored beverages | Neurobrands, LLC<br>(California Limited Liability Company)<br>15303 Ventura Blvd Suite 675 Sherman Oaks California 91403 |
| **NEUROSONIC**<br>RN: 3979927<br>SN: 77640170 | Registered 8 & 15<br><br>First Use: May 1, 1993<br>Filed: December 26, 2008<br>Registered: June 21, 2011 | (Int'l Class: 32)<br>non-alcoholic fruit flavored beverages not for sale or consumption through soft drink fountains or at quick service restaurants | Neurobrands, LLC<br>(California Limited Liability Company)<br>501 Santa Monica Blvd, Second Floor Santa Monica California 90401 |

Complaint for Trademark Infringement
Case No.

| | | | |
|---|---|---|---|
| NEUROSONIC<br>RN: 3728340<br>SN: 77751464 | Renewed December 22, 2019<br><br>First Use: May 1, 2008<br>Filed: June 3, 2009<br>Registered: December 22, 2009 | (Int'l Class: 05) dietary and nutritional supplements; dietary supplemental drinks | Neurobrands, LLC (California Limited Liability Company) 15303 Ventura Blvd Suite 675 Sherman Oaks California 91403 |

12.    These NEURO Family Trademarks are valid and subsisting, uncancelled and unrevoked, and several have achieved incontestable status and are therefore also conclusively valid.

13.    Plaintiff uses the NEURO Trademark and the NEURO Family Trademarks in connection with the manufacture, distribution and sale of various products including NEURO branded drinks.   The NEURO Trademark and the NEURO Family Trademarks are well-known and recognized in the industry for unique products including beverages and other consumables as shown below:



14.    For example, the NEURO SLEEP lifestyle beverage is advertised and sold under the NEURO Trademark and the NEURO Family Trademarks as shown below:

Complaint for Trademark Infringement
Case No.





15.    The NEURO branded products are available in different flavors and focus on different attributes.  The NEURO branded products feature: "Low calorie, low sugar, natural ingredients."  For example, one of Plaintiff's signature products, NEURO SONIC includes natural caffeine, L-Theanine, Antioxidants, Vitamin B6 and B12 as well as other ingredients as shown below:

Complaint for Trademark Infringement
Case No.

neuro    Find neuro    All Drinks    Buy Online    Contact    FAQ

# neuroSONIC

neuroSONIC is packed with ten different brain-boosting ingredients, all working in synergy to provide enhanced focus, more energy, improved attention and better short-term memory.*

*Thirty six person double-blind, placebo-controlled clinical trial results.*



**CAFFEINE**

Naturally derived from green tea and green coffee beans, both rich sources of flavonoids and polyphenols. Caffeine is the driver for most cognitive benefits.



**ALPHA GPC**

Unique forms of choline that supports brain function.



**VEGAN**

These natural and relaxing ingredients are all vegan and gluten free.





**L-THEANINE**

200 mg. L-Theanine is a plant-based amino acid found in green tea leaves that alters brain chemistry.



**VITAMIN D3**

Supports bone health, cognitive function, energy, and the immune system.



**SUPER FRUITS**

Goji, Pomegranate and Blueberry – Powerful antioxidants to help scavenge free radicals in the brain and body.

## AVAILABLE IN 2 DELICIOUS FLAVORS

### Low calorie, low sugar, natural ingredients.



16.    The NEURO branded products enjoy wide distribution and are sold at numerous retailers throughout the United States including, but not limited to, Target,

Walmart, CVS, Jewel-Osco, Shop-Rite, Safeway, Kroger, Rite-Aid, Walgreens, and 7 Eleven.

17.    The NEURO Trademark and the NEURO Family Trademarks Registrations are current, in full force and effect, and are inherently distinctive, or have become distinctive through acquisition of secondary meaning, and are otherwise entitled to full protection under the law.    Additionally, the NEURO Trademark is famous as contemplated by 15 U.S.C. § 1125(c).

18.    Plaintiff has devoted significant time, effort, and resources to create consumer recognition by developing, advertising, and promoting its unique and healthy beverages under the NEURO Trademark and the NEURO Family Trademarks.

19.    The NEURO branded products are extensively and widely advertised on various platforms, including network and cable television, email marketing, Hulu, Spotify, radio, the internet, out of home, retail circulars, event sponsorships, wrapped vehicles, in store sampling, and traditional print. Since their introduction, the NEURO branded products have received news coverage by national, regional, and local media.

20.    As a result of Plaintiff's efforts, the NEURO branded products have defined the lifestyle beverage market and are known to consumers as being of the highest quality.

21.     As a result of Plaintiff's efforts, it has accumulated considerable goodwill in its distinctive and famous NEURO Trademark and in the NEURO Family Trademarks.

22.     As a result of continuous use, promotion, and extensive sales, Plaintiff's NEURO Trademark and NEURO Family Trademarks enjoy substantial recognition, fame, and notoriety throughout the United States and are recognized by the general and consuming public as emanating from Plaintiff.

23.     Plaintiff has used its registered NEURO Trademark in conjunction with the letter R enclosed by a circle and/or other indicia sufficient to provide notice of registration.

**B.     Defendant's Infringing Products and Activities**

24.     Defendant markets, manufactures, distributes, offers for sale, sells, advertises, and promotes "functional gum and mints" also under NEURO ("Defendant's Products" or "Infringing Products").

25.     In connection with Defendant's Products, Defendant uses words, terms, names, symbols, devices, and/or combinations, including NEURO® and NEURO®GUM and NEURO®MINTS, that infringe upon and are confusingly similar to Plaintiff's NEURO Trademark and Plaintiff's NEURO Family Trademarks.

Complaint for Trademark Infringement
Case No.

26.    Defendant's products similarly rely on ingredients and benefits touted by Plaintiff, including the prominent use of natural caffeine, L-Theanine, Antioxidants, Vitamin B6 and B12 as well as other ingredients as shown below:



27.    Defendant's activities constitute false designation of origin, false or misleading description of fact, and/or false or misleading representations of fact. An example of Defendant's infringing, misleading, and confusingly similar uses is shown below:

Complaint for Trademark Infringement
Case No.

28.    On information and belief, Defendant adopted its infringing marks with bad faith and with the willful intent to deceive a substantial portion of consumers and the public.

29.    Based on the above, and upon information and belief, Defendant's use of NEURO and other similar marks, was intended to cause confusion and an improper affiliation with Plaintiff and has in fact caused confusion amongst consumers, the intended audience, and the actual audience as to the source, sponsorship, and affiliation of Defendant's Products and Plaintiff's NEURO branded products.

Complaint for Trademark Infringement
Case No.

30.     On information and belief, Defendant is aware of Plaintiff's NEURO branded products, the NEURO Trademark, and the NEURO Family Trademarks and was aware of Plaintiff when it created the advertising, packaging, and products shown above.

31.     Defendant's bad faith has resulted in increased confusion amongst consumers.

32.     On information and belief, Defendant engaged in its infringing, false, and misleading activities with actual knowledge and notice of Plaintiff's NEURO Trademark and NEURO Family Trademarks with the willful intent to cause confusion, cause mistake, and to deceive the public consumers, and businesses as to the affiliation, sponsorship, connection, or association between Defendant's Products and Plaintiff.  Defendant's use of Plaintiff's trademarks is in bad faith and with the intent to unlawfully trade off the NEURO Trademark, the NEURO Family Trademarks and the goodwill associated therewith.

33.     With knowledge of the NEURO branded products, Defendant commenced to file a series of improper trademark applications for NEURO and NEURO formative marks.  These registrations are subject to cancellation by this Court and the U.S. Patent and Trademark Office as set forth in this Complaint. Specifically, Defendant acquired registrations for at least the following:

Complaint for Trademark Infringement
Case No.

| Trademark | Status | Goods | Owner |
|---|---|---|---|
| NEURO RN: 5815262 SN: 88164678 | Registered July 23, 2019 Int'l Class: 05 First Use: May 21, 2019 Int'l Class: 30 First Use: May 1, 2019 Filed: October 22, 2018 | (Int'l Class: 05) Mint for pharmaceutical purposes; Caffeine preparations for stimulative use in the form of chewing gum (Int'l Class: 30) Candy mints; Chewing gum; Energy mints | Neurogum, Inc. (Delaware Corp.) 530 Molino St., Suite 101 Los Angeles, CA 90013 |
| NEURO MINTS RN: 5886049 SN: 87750861 Disclaimer: "MINTS" | Registered October 15, 2019 Int'l Class: 30 First Use: May 22, 2019 Filed: January 11, 2018 | (Int'l Class: 30) Energy mints | Neurogum, Inc. (Delaware Corp.) 530 Molino St., Suite 101 Los Angeles, CA 90013 |
| NEUROGUM RN: 4817932 SN: 86547748 | Registered September 22, 2015 Int'l Class: 05 First Use: May 14, 2013 Filed: February 26, 2015 | (Int'l Class: 05) caffeine preparations for stimulative use in the form of chewing gum | Neurogum, Inc. (Delaware Corp.) 530 Molino St., Suite 101 Los Angeles, Ca 90013 |

34.    Defendant does not have, and never had, consent, license, approval or other authorization to use Plaintiff's NEURO Trademark in any manner and did not have consent to file trademark applications for any NEURO trademark.

35.    In April of 2020, Defendant appeared on the television program SharkTank seeking funding for its infringing enterprise.  Immediately upon Defendant's publicity regarding its business and its products, numerous individuals acknowledged the confusion created by Defendant's improper use of Plaintiff's NEURO Trademark and the NEURO Family Trademarks.  Thus there is actual confusion and not just a mere likelihood of confusion caused by Defendant's use of

an identical trademark on highly similar goods that are advertised and marketed to provide similar benefits to the users.

## IV.   CAUSES OF ACTION

### COUNT I
### Trademark Infringement Under the Lanham Act
### (§§ 1114(a), (1)(b), 1116(d), and 1117(b)-(c))

36.   Plaintiff realleges and incorporates by reference the allegations set forth above.

37.   Defendant has used and/or is continuing to use the NEURO Trademark in connection with advertisement, promotion, and/or sale of the Infringing Products without authorization or license to do so.

38.   Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in the NEURO Trademark and the NEURO Family Trademarks, and with knowledge that Defendant's Infringing Products bear the NEURO Trademark, Defendant intentionally reproduced, copied, and/or colorably imitated Plaintiff's NEURO Trademark, the NEURO Family Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable, from one or more of Plaintiff's NEURO Trademarks on or in connection with the import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Infringing Products.

39.    Defendant's actions constitute willful infringement of Plaintiff's NEURO Trademark and NEURO Family Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

40.    Defendant's use of the NEURO Trademark and NEURO Family Trademarks has caused, and is likely to continue to cause, confusion, mistake, and deception among the general public as to the origin of the Infringing Products, and is likely to deceive consumers, the public, and the trade into believing that the Infringing Products originate from, are associated with, or are otherwise authorized by Plaintiff, in violation of 15 U.S.C. § 1114(a).

41.    As a result of Defendant's infringing activities, Plaintiff has suffered and/or is likely to suffer actual monetary damages, while Defendant has been and continues to be unjustly enriched.

42.    As a direct and proximate result of Defendant's infringing actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, reputation, and valuable rights in and to the NEURO Trademark and NEURO Family Trademarks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, and for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendant will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its valuable NEURO Trademark and NEURO Family Trademarks.

Complaint for Trademark Infringement
Case No.

43.     Defendant's infringement of the NEURO Trademark and NEURO Family Trademarks has been and remains intentional and knowing, entitling Plaintiff to treble the actual damages and an award of attorneys' fees under 35 U.S.C. § 1117.

44.     Each and every separate act of federal trademark infringement by Defendant constitutes a separate claim herewith.

## COUNT II
### Trademark Dilution Under Section 43(c) of the Lanham Act
### (15 U.S.C. § 1125(c))

45.     Plaintiff realleges and incorporates by reference the allegations set forth above.

46.     The NEURO Trademark is distinctive and famous, and has been since prior to Defendant's unauthorized use of the NEURO Trademark.

47.     The NEURO Trademark has powerful consumer associations such that even non-competing uses can impair its value.

48.     Defendant's infringing activities have diluted the distinctive quality of the NEURO Trademark in violation of 15 U.S.C. § 1125(c).

49.     Defendant willfully intended to trade on Plaintiff's reputation or cause dilution of the NEURO Trademark and NEURO Family Trademarks, and continues to do so, entitling Plaintiff to damages, enhanced damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

Complaint for Trademark Infringement
Case No.

50.   Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm for which there is no adequate remedy at law.

51.   Each and every separate act of federal trademark infringement by Defendant constitutes a separate claim herewith.

## COUNT III
**Unfair Competition Under Section 43(a) of the Lanham Act**
**(15 U.S.C. § 1125(a))**

52.   Plaintiff realleges and incorporates by reference the allegations set forth above.

53.   Defendant's unauthorized use of the NEURO Trademark and NEURO Family Trademarks in interstate commerce wrongly and falsely designates, describes, or represents the Infringing Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Infringing Products with Plaintiff, or as to the sponsorship or approval of this product by Plaintiff.

54.   Defendant's actions therefore violate Plaintiff's rights in its distinctive NEURO Trademark and NEURO Family Trademarks in violation of 15 U.S.C. § 1125(a).

55.   Defendant's conduct with respect to the NEURO Trademark and NEURO Family Trademarks has caused and, unless enjoined by this Court, will

Complaint for Trademark Infringement
Case No.

continue to cause serious and irreparable harm, while unjustly enriching Defendant, for which there is no adequate remedy at law.

## COUNT IV
## Common Law Unfair Competition/Trademark Infringement

56.     Plaintiff realleges and incorporates by reference the allegations set forth above.

57.     Defendant's unauthorized use of the NEURO Trademark and NEURO Family Trademarks constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Plaintiff of the Infringing Products. Consumers are, for example, likely to believe that the Infringing Products that Defendant advertises and/or sells originate with Plaintiff, are licensed by Plaintiff, and/or are sponsored by, connected with, or related to Plaintiff.

58.     Defendant's infringing activity constitutes unfair competition and trademark infringement in violation of the common law of the State of California. Defendant's actions with respect to the NEURO Trademark and NEURO Family Trademarks have caused and will continue to cause serious and irreparable injury to Plaintiff, including within this State, for which it has no adequate remedy at law unless enjoined by this Court.

Complaint for Trademark Infringement
Case No.

## COUNT V
### Trademark Infringement Under California Law
### (Cal. Bus. & Prof. Code §§ 14200 *et seq.*)

59.    Plaintiff realleges and incorporates by reference the allegations set forth above.

60.    The NEURO Trademark and NEURO Family Trademarks are distinctive and famous in California, as well as throughout the United States, and have been since prior to Defendant's unauthorized use of the NEURO Trademark and NEURO Family Trademarks.

61.    The NEURO Trademark and NEURO Family Trademarks have powerful consumer associations such that even non-competing uses can impair their value.

62.    Defendant's infringing activities have diluted the distinctive quality of the NEURO Trademark and NEURO Family Trademarks in violation of California trademark law under Cal. Bus. & Prof. Code §§ 14200 *et seq.*

63.    Defendant willfully intended to trade on Plaintiff's reputation or cause dilution of the NEURO Trademark and NEURO Family Trademarks, entitling Plaintiff to damages, enhanced damages, fees and costs as set forth in Cal. Bus. & Prof. Code § 14250, pursuant to § 14245.

64.    Defendant's conduct has caused and, unless enjoined by this Court, will continue to cause serious and irreparable harm, including within this state, for which there is no adequate remedy at law.

Complaint for Trademark Infringement
Case No.

## COUNT VI
## California Unfair Competition Law Claim
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

65.    Plaintiff realleges and incorporates by reference the allegations set forth above.

66.    Defendant's actions as detailed above violate Plaintiff's rights and constitute unlawful, unfair, or fraudulent business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL") in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts.

67.    Defendant's actions as alleged above violate the "unfair" prong of the UCL because, on information and belief, (a) the utility of such actions is outweighed by the gravity of harm they cause to Plaintiff, (b) such actions are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, (c) such actions constitute incipient violations of state and federal antitrust laws, and/or (d) such actions violate Section 5 of the FTC Act.

68.    Defendant's actions as alleged above violate the "fraudulent" prong of the UCL, because they are likely to mislead and confuse a statistically significant percentage of reasonable consumers.

69.    Defendant's actions as alleged above violate the "unlawful" prong of the UCL because those same actions also constitute violations of the state and federal statutes set forth in this Complaint.

70.     As the direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer actual injury and the loss of money, including irreparable injury to its reputation and goodwill. Unless enjoined, Defendant's wrongful conduct will continue to cause great, immediate and irreparable injury to Plaintiff, including within this State.

71.     Plaintiff is without an adequate remedy at law.

72.     Plaintiff is therefore entitled to injunctive relief, pursuant to California Business and Professions Code § 17203.

**COUNT VII**
**Cancellation of Trademark Registration No. 5,815,262 (NEURO)**

73.     Plaintiff realleges and incorporates by reference the allegations set forth above.

74.     The NEURO Trademark and NEURO Family Trademarks are distinctive and famous through Plaintiff's extensive use and represents property of great value to Plaintiff.

75.     Defendant's act of using, applying for, and registering the mark of U.S. Registration No. 5,815,262 (NEURO) was done with actual knowledge of Plaintiff's distinctive and famous NEURO Trademark, yet Defendant did not disclose this fact to the U.S. Patent and Trademark Office.

76.     Because there is a likelihood of confusion between the NEURO Trademark and the NEURO Family Trademarks and U.S. Registration No.

5,815,262, the Court should order cancellation of U.S. Registration No. 5,815,262 the NEURO trademark registration pursuant to 15 U.S.C. § 1064.

## COUNT VIII
## Cancellation of Trademark Registration No. 5,886,049 (NEURO MINTS)

77.   Plaintiff realleges and incorporates by reference the allegations set forth above.

78.   The NEURO Trademark and NEURO Family Trademarks are distinctive and famous through Plaintiff's extensive use and represents property of great value to Plaintiff.

79.   Defendant's act of using, applying for, and registering the mark of U.S. Registration Nos. 5,886,049 (NEURO MINTS) was done with actual knowledge of Plaintiff's distinctive and famous NEURO Trademark, yet Defendant did not disclose this fact to the U.S. Patent and Trademark Office.

80.   Because there is a likelihood of confusion between the NEURO Trademark and the NEURO Family Trademarks and U.S. Registration No. 5,886,049, the Court should order cancellation of U.S. Registration No. 5,886,049 pursuant to 15 U.S.C. § 1064.

## COUNT IX
## Cancellation of Trademark Registration No. 4,817,932 (NEUROGUM)

81.   Plaintiff realleges and incorporates by reference the allegations set forth above.

Complaint for Trademark Infringement
Case No.

82.    The NEURO Trademark and NEURO Family Trademarks are distinctive and famous through Plaintiff's extensive use and represents property of great value to Plaintiff.

83.    Defendant's act of using, applying for, and registering the mark of U.S. Registration Nos. 4,817,932 (NEUROGUM) with actual knowledge of Plaintiff's distinctive and famous NEURO Trademark of Plaintiff, yet Defendant did not disclose this fact to the U.S. Patent and Trademark Office.

84.    Because there is likelihood of confusion between the NEURO Trademark and the NEURO Family Trademarks and U.S. Registration No. 4,817,932, the Court should order cancellation of U.S. Registration No. 4,817,932 pursuant to 15 U.S.C. § 1064.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.    A determination that Defendant has infringed Plaintiff's incontestable NEURO Trademark of U.S. Registration No. 3,906,397 in violation of 15 U.S.C. § 1114, Defendant's infringement was willful, Plaintiff has been damaged by infringement, and Defendant is liable to Plaintiff for such infringement;

Complaint for Trademark Infringement
Case No.

B.     A determination that Defendant has violated 15 U.S.C. § 1125(a), Defendant's violation was willful, Plaintiff has been damaged by such violation, and Defendant is liable to Plaintiff for such violation;

C.     A determination that Defendant has violated 15 U.S.C. § 1125(c), Defendant's violation was willful, Plaintiff has been damaged by such violation, and Defendant is liable to Plaintiff for such violation;

D.     A determination that Defendant has violated Cal. Bus. & Prof. Code §§ 14200 et seq. and §§ 17200 *et seq.*, Defendant's violations were willful, Plaintiff has been damaged by such violation, and Defendant is liable to Plaintiff for such violation;

E.     A determination that Defendant has infringed Plaintiff's NEURO Trademark under common law, Defendant's infringement was willful, Plaintiff has been damaged by such violation, and Defendant is liable to Plaintiff for such infringement;

F.     An Order directing the Commissioner of the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 5,815,262 (NEURO); 5,886,049 (NEURO MINTS); and 4,817,932 (NEUROGUM);

G.     Entry of an order directing Defendant to provide to Plaintiff for destruction any and all infringing products and/or materials related thereto, and to compensate Plaintiff for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendant's unlawful acts;

Complaint for Trademark Infringement
Case No.

H.     An award against Defendant for monetary damages and/or Defendant's profits in an amount to be proven at trial, including but not limited to, statutory damages and/or all amounts necessary to compensate Plaintiff for Defendant's wrongful use of the NEURO Trademark;

I.     An award trebling damages and/or trebling Defendant's wrongfully obtained profits, plus Plaintiff's attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

J.     A declaration that this case is an exceptional case and an award of attorneys' fees to Plaintiff;

K.     An award of Plaintiff's taxable costs of this civil action, including interest;

L.     An award of any additional costs and disbursements incurred as a result of bringing this action;

M.     Under all claims for relief, a preliminary and permanent injunction that enjoins Defendant, its officers, employees, agents, successors and assignees, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

1.     using, inducing others to use, contributing to others' use of, or directing others to use, any simulation, copy, reproduction, or colorable imitation of the NEURO Trademark or the NEURO Family Trademarks, in connection with its products;

Complaint for Trademark Infringement
Case No.

2.      importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product or services using any simulation, copy, reproduction, or colorable imitation of the NEURO Trademark or the NEURO Family Trademarks, or inducing others to, contributing to others' doing, or directing others to do the same, without Plaintiff's express authorization; and

3.      using, inducing others to use, contributing to others' use of, or directing others to use any false designation of origin or false description (including, without limitation, any letters, symbols, or designs infringing or encroaching upon Plaintiff's NEURO Trademark or the NEURO Family Trademarks) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated with Plaintiff, Plaintiff's NEURO Trademark, or the NEURO Family Trademarks, or any other product sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff.

N.      Defendant be ordered to:

1.      file with the Court and serve upon the Plaintiff, within thirty (30) days after the service of the injunction upon Defendant, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction and judgment entered pursuant to this Complaint;

2.	deliver for destruction all products, labels, tags, signs, prints, packages, videos, advertisements, in its possession or under its control, bearing or using NEURO or any other simulation, reproduction, or colorable imitation of Plaintiff's mark, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

3.	file with the Court and provide to Plaintiff an accounting of all sales and profits realized by Defendant for its products; and

4.	permit Plaintiff, and/or auditors employed or contracted by Plaintiff, to audit and inspect the books, records, and premises of Defendant and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of Defendant's past use of Plaintiff's intellectual property.

O.	Any such other, further, and additional relief that may be considered just and equitable based on the facts and allegations contained herein or appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendant is manufactured, distributed, authorized, sponsored, approved, or associated with Plaintiff or Plaintiff's Marks.

Complaint for Trademark Infringement
Case No.

# <u>JURY DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues triable by a jury.


Dated:  April 20, 2020

By:  /s/ William E. Thomson, Jr.
William E. Thomson, Jr. (CA SBN 47195)
**BROOKS KUSHMAN P.C.**
601 South Figueroa Street, Suite 2080
Los Angeles, CA 90017-5726
Telephone:  (213) 622-3003
Facsimile:  (213) 622-3053
wthomson@brookskushman.com

Mark A. Cantor (*pro hac vice* anticipated)
mcantor@brookskushman.com
Marc Lorelli (*pro hac vice* anticipated)
mlorelli@brookskushman.com
Rebecca J. Cantor (*pro hac vice* anticipated)
rcantor@brookskushman.com
BROOKS KUSHMAN. P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400

*Attorneys for Plaintiff*

Complaint for Trademark Infringement
Case No.